**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**EDWARD R. KOHOUT,**

> **Appellant,**

v.                          //    Civil Action No. 1:13CV183
                                  Bk. No. 1:10BK303
                                  (Judge Keeley)

**UNITED STATES TRUSTEE,**

> **Appellee.**

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

The appellant, Edward R. Kohout ("Kohout"), appeals from an order of the United States Bankruptcy Court for the Northern District of West Virginia (dkt. no. 1-43), denying his fee application and motion for <u>nunc pro tunc</u> employment, and ordering the disgorgement of his $24,000 retainer fee from Augusta Apartments, LLC ("the Debtor"). For the reasons that follow, the Court **AFFIRMS** the order of the bankruptcy court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 19, 2010, the Debtor filed a Chapter 11 bankruptcy petition. Pursuant to 11 U.S.C. § 327(a), the Debtor retained the Lampl Law Firm to serve as bankruptcy counsel for the estate and Kohout to serve as local counsel. (Dkt. No. 78). Kohout, however, did not file an application to be employed as counsel for the Debtor at that time.

### MEMORANDUM OPINION AND ORDER
### AFFIRMING THE ORDER OF THE BANKRUPTCY COURT

On February 18, 2010, the day before filing for bankruptcy, the Debtor paid the Lampl Law Firm a $100,000 retainer fee. Of the $100,000, the firm retained $76,000 and paid the remainder to Kohout. The Debtor and Kohout discussed the terms of his retention, but did not memorialize their fee arrangement in writing. The parties agreed that Kohout would serve as local counsel for the Debtor and be responsible for litigating at least one adversary proceeding.

Upon filing for bankruptcy under Chapter 11, the Debtor, as a debtor in possession, filed an application to employ the Lampl Law Firm as its counsel. The application listed a variety of bankruptcy services to be rendered, the hourly rates of the attorneys, and connections with the Debtor. The Debtor also filed a motion for the Lampl Law Firm to appear pro hac vice with Kohout acting as local counsel. The bankruptcy court approved the Debtor's application and granted its motion.

On July 21, 2010, pursuant to 11 U.S.C. § 1104(a), the bankruptcy court granted the appointment of a Chapter 11 trustee, and on the same day, the United States Trustee ("UST") appointed Robert L. Johns ("Johns") as trustee of the bankruptcy estate. On July 17, 2012, the Debtor's Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case, with Johns still acting

### MEMORANDUM OPINION AND ORDER
### AFFIRMING THE ORDER OF THE BANKRUPTCY COURT

as trustee.[1]

More than two years later, on November 16, 2012, the UST filed a motion to examine attorney employment and compensation of Kohout pursuant to 11 U.S.C. § 329(b), seeking a determination of whether Kohout was properly employed under § 327(a) or (e), and an order requiring Kohout to disgorge the $24,000 retainer fee he received from the Debtor. On February 15, 2013, Kohout filed a fee application and moved for nunc pro tunc employment– nearly three years after the Debtor had filed for bankruptcy relief. The UST objected to Kohout's application, arguing that he 1) was never employed under § 327 to represent the bankruptcy estate, 2) had failed to disclose his receipt of the money from the Debtor as required by § 329 and Bankruptcy Rule 2016(b), and 3) did not present a justifiable reason for his failure to file a timely employment application.

On March 21, 2013, the bankruptcy court held an evidentiary hearing to consider Kohout's application and the UST's objections. During that hearing, Kohout acknowledged that he had never filed an employment application or compensation disclosure statement. He argued that his failure to do so was excused by the fact that he is

---

[1]Johns never sought to employee Kohout on behalf of the bankruptcy estate.

3

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

unfamiliar with Chapter 11 practice and the Bankruptcy Code.

Kohout also testified that the $24,000 retainer he received was a payment from the Lampl Law Firm, not the Debtor. The UST, however, later filed an addendum to its objections, verifying that the Debtor was the source of the funds.

On July 3, 2013, the bankruptcy court entered a Memorandum Opinion and Order denying Kohout's fee application and motion for nunc pro tunc employment, and ordering him to return the $24,000 retainer fee he had received from the Debtor. In its order, the bankruptcy court explained that Kohout's ignorance of the Chapter 11 bankruptcy rules and practices did not excuse him from filing a timely employment application. It also explained that Kohout had not demonstrated extraordinary circumstances justifying his delay. The court went on to find that Kohout had violated section 11 U.S.C. § 329 and Bankruptcy Rule 2016(b) by not disclosing the retainer fee he had received from the Debtor, which constituted grounds to deny his fee application and require him to disgorge the $24,000 retainer fee.[2] Kohout appealed the order of the bankruptcy

_____

[2]The bankruptcy court also found it important to note that Kohout had admitted the only reason he filed a nunc pro tunc application was because the UST notified the court about his compensation. The court further noted that Kohout had admitted he had spent the $24,000 fee years ago, instead of placing it in a trust account.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

court on August 14, 2013. (Dkt. No. 2).

## II. Legal Standard

Pursuant to Fed. R. Bankr. P. 8013, this Court functions as an appellate court whenever it reviews a bankruptcy court's order. It may affirm, modify, reverse, or remand with instructions for further proceedings. While the bankruptcy court's conclusions of law are reviewed <u>de novo</u>, its findings of fact are reversed only for clear error. <u>In re Deutchman</u>, 192 F. 3d 457, 459 (4th Cir. 19999).

Kohout assigns the following errors to the bankruptcy court's factual findings and legal conclusions:

1.  The bankruptcy court erred in concluding that it had jurisdiction over the $24,000 retainer fee paid to him by the Debtor in February 2010;

2.  The bankruptcy court erred in considering the UST's untimely objections to his fee and employment application;

3.  The bankruptcy court erred in denying his application for <u>nunc pro tunc</u> employment; and

4.  The bankruptcy court erred in denying his fee application and requiring him to disgorge the $24,000 retainer fee.

5

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

**III. Analysis**

**A. Jurisdiction Over Retainer Fee**

Kohout contends that the bankruptcy court erred in concluding that it had jurisdiction over the $24,000 retainer fee the Debtor paid him in February 2010. He argues that, because the fee was unrelated to the bankruptcy estate, the bankruptcy court did not have jurisdiction over this matter. Kohout's argument is completely without merit.

A bankruptcy court has subject matter jurisdiction over disputes "related do" a pending bankruptcy case. Spartan Mills v. Bank of America, 112 F.3d 1251, 1256-57 (4th Cir. 1997). The test for determining if a proceeding is related to a bankruptcy case is whether "the outcome of the civil proceeding could conceivably have any effect on the estate being administered in bankruptcy." New Horizon of NY, LLC v. Jacobs, 231 F.3d 143, 151 (4th Cir. 2000). This broad definition of jurisdiction encompasses any proceeding that could affect the ultimate distribution of property among creditors. See In re A.H. Robins Co., Inc., 86 f.3d 364, 372 (4th Cir. 1996).

Here, Kohout's services were directly related to the Debtor's bankruptcy case. Despite Kohout's argument to the contrary, the

6

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

fact that he was paid prior to the Debtor filing for bankruptcy is irrelevant to a determination as to whether the fee was related to the bankruptcy case.[3]  Kohout was hired specifically to serve as local bankruptcy counsel and to assist with the Debtor's imminent bankruptcy case.  In fact, in his appellate brief, Kohout concedes that the $24,000 retainer fee he received was "for attorney services related to the bankruptcy." (Dkt. No. 4).  Thus, the fee directly affected the bankruptcy estate.  <u>New Horizon</u>, 231 F.3d at 151. The bankruptcy court therefore had jurisdiction over this matter.

**B. Timeliness of UST's Objection**

Kohout next argues that the bankruptcy court erred in considering the UST's untimely objections to his fee and employment application.  Specifically, Kohout argues that the UST waited over two years to file objections, without providing a justification for the delay.  As Kohout notes in his appeal brief, however, there is nothing in the Bankruptcy Code or rules that specifies a deadline

---

[3]The parties also dispute the source of the $24,000 retainer fee paid to Kohout.  Specifically, the parties disagree over whether the fee was paid directly from Lampl Law Firm or from the Debtor's account.  The source of the funds, however, is irrelevant to a determination of whether the funds are related to the Debtor's pending bankruptcy case. <u>In re Walters</u>, 868 F.2d 665 (4th Cir. 1989).

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

for filing objections to an attorney's fee or employment application.  As such, Kohout's argument in that regard is without merit.

## C. Denial of <u>Nunc Pro Tunc</u> Application

Kohout next argues that the bankruptcy court erred in denying his application for <u>nunc pro tunc</u> employment.  He asserts that the bankruptcy court's finding that no "exceptional circumstances" exist to allow <u>nunc pro tunc</u> employment is erroneous.  The UST responds that the bankruptcy court correctly denied Kohout's <u>nunc pro tunc</u> application because Kohout's oversight does not constitute an extraordinary circumstance warranting retroactive employment. The UST presents the more compelling argument.

In bankruptcy cases, attorneys must seek prior court approval before they can perform services on behalf of the bankruptcy estate.  11 U.S.C. 327(a); Fed. R. Bankr. P. 2014(a).  Attorneys cannot receive compensation from the bankruptcy estate until after their employment application is approved. <u>Id</u>.  Failure to obtain approval prior to performing legal services may lead to the denial of fee requests and required disgorgement of any compensation received. <u>Lamie v. United States Trustee</u>, 540 U.S. 526, 529 (2004).

Bankruptcy courts, however, may grant <u>nunc pro tunc</u> approval

8

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

of an attorney's employment application in certain circumstances. Although the Fourth Circuit has yet to address the applicable standard for determining when <u>nun pro tunc</u> employment is acceptable, the majority of circuit courts that have addressed the issue have found that such employment is warranted only where (1) the court would have authorized employment had the application been timely submitted, and (2) the delay in seeking court approval resulted from extraordinary circumstances. <u>See</u> <u>In re Keren Ltd. Partnership</u>, 189 F.3d 86, 87 (2d Cir. 1999); <u>In re Arkansas</u>, 798 F.2d 645, 649-60 (3rd Cir. 1986); <u>In re Land</u>, 943 F.2d 1265, 1267 (10th Cir. 1991); <u>In re Jarvis</u>, 53 F.3d 416, 421 (1st Cir. 1995). <u>But</u> <u>see</u> <u>In re Singson</u>, 41 F.3d 316 (7th Cir. 1994) (adopting an "excusable neglect" standard for retroactive employment applications). Circuit courts have generally found that the extraordinary circumstances prong of the <u>nunc pro tunc</u> employment test requires that the applicant set forth clear and convincing evidence justifying approval of their retroactive employment application. <u>See</u> <u>Id</u>.

Kohout contends that extraordinary circumstances exist in this case that warrant the approval of his application for <u>nunc pro tunc</u> employment. Specifically, he argues that his lack of Chapter 11 experience and unfamiliarity with the Bankruptcy Code's requirement

that attorneys seek prior court approval before performing services on behalf of the bankruptcy estate constitute extraordinary circumstances.

The majority of courts, however, have held that ignorance, negligence, and oversight do not constitute extraordinary circumstances. <u>See</u> 2 Collier on Bankruptcy ¶ 327.03[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013)("The majority of courts hold that simple neglect or inadvertence on the part of the applicant in failing to file a timely retention application under section 327 is not a sufficient basis for granting retroactive approval of employment."). If bankruptcy courts were to allow <u>nunc pro tunc</u> employment in such cases, then the requirement that attorneys seek prior approval before performing services on behalf of the bankruptcy estate would have no effect.

Kohout has therefore failed to establish facts sufficient to demonstrate the extraordinary circumstances required for <u>nunc pro tunc</u> employment.[4]  The bankruptcy court correctly denied his

---

[4]Even the minority of courts who apply the "excusable neglect" standard to review <u>nunc pro tunc</u> employment applications have found that factors such as oversight and neglect do not warrant retroactive approval of employment. <u>See</u> <u>In re Aultman Enterprises</u>, 264 B.R. 485, 493 (E.D. Tenn. 2001); 2 Collier on Bankruptcy ¶ 327.03[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013).

MEMORANDUM OPINION AND ORDER
AFFIRMING THE ORDER OF THE BANKRUPTCY COURT

retroactive employment application.

**D. Denial of Fee Application**

Kohout contends that the bankruptcy court erred in denying his fee application and requiring him to disgorge the $24,000 retainer fee the Debtor paid him in February 2010.  He argues that the fee was reasonable and therefore should have been approved pursuant to 11 U.S.C. § 329.   The UST responds that the bankruptcy court properly ordered Kohout to disgorge the $24,000 retainer fee because he obtained it in violation of federal law.

Section 329 of the Bankruptcy Code provides that "any attorney representing a debtor...in connection with" the debtor's bankruptcy case must file with the court a disclosure statement, pursuant to Fed. R. Bankr. P. 2016(b), of compensation paid within 14 days of payment.  11 U.S.C. § 329(a); Fed. R. Bankr. P. 2016(b).  Section 329 disclosure requirements are mandatory and give bankruptcy courts the discretion to deny fee applications submitted by attorneys in violation of this provision. See Neben & Starrett, Inc. v. Chartwell Fin. Corp., 63 F.3d 877, 891 (9th Cir. 1995); In re Saturley, 131 B.R. 509, 517 (Bankr. D. Me. 1991).  Belated disclosure due to negligence or ignorance of the relevant law does not justify failing to comply with the disclosure provisions of §

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

329.  See e.g., Neben & Starrett, 63 F.3d at 882; Jensen v. US Trustee, 210 B.R. 844, 849 (B.A.P. 10th Cir. 1997). ("Even a negligent or inadvertent failure to disclose to disclose the retainer is sufficient to deny fees.")  Failing to comply with § 329 not only risks forfeiting the "right to receive compensation for services rendered on behalf of the debtor" but also being required to "disgorge fees already received." In re J.T. Thompson, USA, No. 2:12-BK-26473-PC, 2012 WL 4461650, at *5 (Bankr. C.D. Cal. Sept. 25, 2012).

Here, Kohout violated § 329 and Fed. R. Bankr. P. 2016(b) by failing to file a disclosure statement indicating that the Debtor had paid him a $24,000 retainer fee. 11 U.S.C. § 329(a); Fed. R. Bankr. P. 2016(b).  Kohout received the fee the day before the Debtor filed for bankruptcy, on February 18, 2010, but has yet to file a disclosure statement.  Kohout asks the Court to excuse his noncompliance with § 329 because he was unaware of his statutory obligation to file a disclosure statement with the bankruptcy court.  However, his ignorance does not excuse his noncompliance. Neben & Starrett, 63 F.3d at 882; Jensen v. US Trustee, 210 B.R. 844, 849 (B.A.P. 10th Cir. 1997).

Kohout, therefore, violated § 329 and Fed. R. Bankr. P. 2016(b), and his violations are grounds for requiring disgorgement

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE ORDER OF THE BANKRUPTCY COURT**

of the retainer fee he received from the Debtor.  Lamie v. United States Trustee, 540 U.S. 526, 529 (2004).  Although disgorgement is a severe remedy, it is warranted in this instance because of the nature and extent of Kohout's noncompliance with the Bankruptcy Code. Kohout not only ignored his duty to disclose under § 329, but also his duty to seek approval for employment under § 327.  The bankruptcy court therefore did not err when it denied Kohout's fee application and ordered him to disgorge the $24,000 retainer fee.

**IV. Conclusion**

For the reasons discussed, the Court **AFFIRMS** the order of the bankruptcy court.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: August 4, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE